**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

September 19, 2019

<u>VIA ECF & FAX</u>

The Honorable Nelson S. Roman, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re:   <u>Wise v. JUUL Labs Inc. et al.</u>, No. 19-cv-8301 (NSR) (LMS)

Dear Judge Roman:

We represent Defendant JUUL Labs, Inc. ("JLI") in the above-titled case. With the consent of counsel for the other Defendants, I write to request that this action be stayed pending resolution of JLI's motion before the Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiff does not oppose this request, and the Parties believe that resolution of this request would not require the pre-motion conference procedure outlined in Rule 3.A.ii. of Your Honor's Rules of Individual Practice.

On July 29, 2019, JLI filed its MDL motion with the JPML seeking, pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2, the consolidation and coordination of various federal cases that raise common questions of fact and law against the same defendant, JLI. *See* MDL No. 2913, Dkt. No. 1 (the "MDL Motion"). As JLI explained to the JPML, there are now more than 30 overlapping cases and tag-along cases that are the subject of the MDL Motion. The above-titled case, which is based on factual allegations similar to the cases described in the MDL Motion, would be subject to coordination and consolidation if the JPML grants the MDL Motion. Oral argument on the MDL Motion is scheduled for September 26, 2019 and, since the MDL Motion is not opposed, JLI is optimistic that the JPML will consolidate the identified cases and assign them to a single judge for coordinated pretrial proceedings.

Federal courts possess inherent powers to stay proceedings before them. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants."). "Courts in this Circuit consider five factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (internal quotation marks omitted). "It is common for courts to stay an action

# GIBSON DUNN

September 19, 2019
Page 2

pending a transfer decision by the JPML." *Id.*; *see also*, *e.g.*, *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (aggregating examples).

Here, each of the five factors weighs in favor of granting a stay. *First*, the stay that JLI seeks is likely to be short—the JPML will hear the MDL Motion on September 26, 2019, and a decision is anticipated soon thereafter—and Plaintiff does not oppose the stay. *See*, *e.g.*, *Ritchie Capital Mgmt.*, 87 F. Supp. 3d at 471 ("A short stay will not prejudice plaintiffs."). *Second*, Defendants would be prejudiced in the absence of a stay, as they would be forced to litigate overlapping actions and face potentially duplicative or conflicting court-imposed obligations—all of which would defeat the purpose of consolidation and coordination pursuant to 28 U.S.C. § 1407. *See*, *e.g.*, *Ritchie Capital Mgmt.*, 87 F. Supp. 3d at 471 (noting prejudice to defendant where the "lawsuits appear likely to implicate overlapping core facts, documents, witnesses, and legal theories, and may involve extensive discovery"). *Third*, the remaining factors also support a stay because "a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." *Id.* For example, JLI intends to move to dismiss each of the complaints pending against it. It would not be efficient to have multiple courts consider the related (and in many instances identical) issues raised by such motions, particularly because the JPML could order consolidation before other courts are able to render their decisions. Notably, over 20 of the related pending actions have already been stayed. *See* Appendix A.

In light of these factors, JLI respectfully requests that this Court stay all proceedings and deadlines in this action until further order of this Court, or any court to which the action is transferred, following the decision of the JPML on the pending Motion to Transfer Related Cases for Consolidated Pretrial Proceedings.

Respectfully submitted,

*/s/ Joseph Evall*

Joseph Evall


cc:  All Counsel of Record (via email)

# APPENDIX A

Existing Stays:

- *In re JUUL Labs, Inc. Products Litigation*, No. 18-cv-02499-WHO (N.D. Cal.) (Dkt. No. 149) [includes four consolidated actions];
- *NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla.) (Dkt. No. 33);
- *Shapiro v. JUUL Labs, Inc.*, No. 0:19-cv-61548-DPG (S.D. Fla.) (Dkt. No. 27);
- *Murphy v. JUUL Labs, Inc.*, No. 1:19-cv-11755 (D. Mass.) (Dkt. No. 5);
- *S.R. v. JUUL Labs, Inc.*, No. 3:19-cv-16659 (D.N.J.) (Dkt. No. 6);
- *P.O. v. JUUL Labs, Inc.*, No. 3:19-cv-16631 (D.N.J.) (Dkt. No. 4);
- *Quercia v. JUUL Labs, Inc.*, No. 1:19-cv-5664 (N.D. Ill.) (Dkt. No. 7);
- *Vermillion v. JUUL Labs, Inc.*, No. 4:19-cv-05286 (N.D. Cal.) (Dkt. No. 10);
- *Divello v. JUUL Labs, Inc.*, No. 2:19-cv-16915 (D.N.J.) (Dkt. No. 8);
- *G.S. v. JUUL Labs, Inc.*, No. 3:19-cv-05224 (N.D. Cal.) (Dkt. No. 11);
- *Kocourek v. JUUL Labs, Inc.*, No. 3:19-cv-00903 (S.D. Ill.) (Dkt. No. 9);
- *Tempel v. JUUL Labs, Inc.*, No. 3:19-cv-00904 (S.D. Ill.) (Dkt. No. 11);
- *Sidlo v. JUUL Labs, Inc.*, No. 3:19-cv-00905 (S.D. Ill.) (Dkt. No. 11);
- *T.K. v. JUUL Labs, Inc.*, No. 3:19-cv-17005 (D.N.J.) (Dkt. No. 6);
- *Phillips v. JUUL Labs, Inc.*, No. 2:19-cv-4172 (W.D. Mo.) (Dkt. No. 6);
- *Boyd v. JUUL Labs, Inc.*, No. 4:19-cv-0674 (W.D. Mo.) (Dkt. No. 6);
- *A.H. v. JUUL Labs, Inc.*, No. 3:19-cv-00656 (M.D. Ala.) (Dkt. No. 6); and
- *Beatriz-Alegre v. JUUL Labs, Inc.*, No. 3:19-cv-05174 (N.D. Cal.) (Dkt. No. 11).